The next case on our calendar is Mizuta v. New York City and New York State. Good morning, Your Honors. If it may please the Court, my name is Peter Albert of the Brain Injury Rights Group, and I represent the appellants Nahoka Mizuta and Kantara Mizuta in this matter. Essentially, in this case, the appellants raise two issues, one procedural and one substantive. Procedurally, it's the appellant's position that the lower court erred in vacating an order to show cause that denied the appellant's application for a preliminary injunction. The substantive issue raised here is simply that the appellants are entitled as a matter of law to a preliminary injunction or a pendency placement, sometimes referred to colloquially as a state court order, under the Federal Individuals with Disabilities Education Act, section 1415 small j. The analysis should begin and end there, but it doesn't. 1415j is somewhat unique in that it provides for an automatic injunction on behalf of a parent who's arguing on behalf of their disabled child, so that initially upon the filing of an administrative due process complaint with the local educational agency, there's a stay student is receiving their educational program, that student must remain in that educational placement. Before you get into the merits, can you address jurisdiction? You're appealing from what a vacating the discourse decision to vacate an order to show cause, right? Correct. And that's an interlocutory order, isn't it? It is an interlocutory order, but if you look at the language of the lower court, I believe it states that the appellants did not demonstrate the right to a temporary restraining order or preliminary injunction. So it's our position that although the language of the vacator order may not be explicit, it certainly had the effect of denying a preliminary injunction. And it's our position that we're not going to do that. Roberts. Did you ever file a motion for preliminary injunction? All I saw was the order to show cause, which seems more like a ruling on a request for expedited scheduling. Well, it was not limited for an expedited scheduling. It was to the extent that I understand the language that you quoted, but in terms of the actual motion, it was the order to show cause had to do with the State. Well, we had hoped to get to be heard by the lower court in an expedited fashion. However, that never occurred. As the appellants argued, after the filing of the order to show cause, which sought the preliminary injunction based on IDEA ‑‑ Why didn't you just move for a preliminary injunction at that point? It was by order to show cause. Which was? So the judge refused us on three separate occasions to have any kind of oral argument, you know, on that. I guess my concern is, you know, you chose to proceed by order to show cause, presumably to get expedited hearing on what you wanted, and that's an interlocutory decision, and we don't have jurisdiction over interlocutory decisions like that. I think under, you know, 28 U.S.C. 1292A, there is. There's a carveout of an exception for an appeal of right to any order that refuses, grants, continues, modifies a preliminary injunction. But you didn't file for a preliminary injunction. Well, I think ‑‑ The order you're appealing for denied an evidentiary hearing. That's what it denied. Well, again, Your Honor, while that may have been the technical ‑‑ Yeah, we love technical stuff around here. Oh, I respect technical arguments, too. But the language, I believe, says otherwise. The language, and I quote from the appendix from Judge Batz's order dated April 9th, that, quote, having failed to demonstrate the right to either a temporary restraining order or a preliminary injunction, the court hereby vacates the order to show cause signed April 5, 2019, close quote. So that language, while, you know, precluded appellants from pursuing their right for a preliminary injunction, and I believe that that falls within the language of 1292A as the carveout as an exception for an interlocutory appeal. Can you explain that last part again? How is that ‑‑ how does that fall within 1292A? Well, the appellants commence the case by filing a complaint. Within the complaint, we filed also an order to show cause, seeking to expedite the case. This is a case involving a young child who is severely disabled, who doesn't have an educational appendency placement. We sought to get before the court in an expeditious manner, and hence ‑‑ My question is actually similar. I'm asking about the order that you just read and how that falls within 1292A1. Well, again, it says, quote, having failed to demonstrate the right to either the TRO or a preliminary injunction, it seems to me that that's a denial of a preliminary injunction. It's not a denial of a scheduling order. That's not the denial of anything else. That's the judge telling us, you parents do not have the right, you fail to demonstrate you have the right to either a TRO or a preliminary injunction. She didn't say we're simply vacating the order. She didn't say that. But she said, again, you have failed to demonstrate the right to a preliminary injunction. And based on that, that falls within one of the exceptions for, you know, permitting an interlocutory appeal under 1292A. So even though you hadn't filed a preliminary injunction motion at that point, it was ‑‑ you're saying it should still be deemed a denial of a preliminary injunction? Correct. It's within the order to show cause. It's within the submissions that were submitted to the district court. So on that basis, it's the appellant's position that jurisdiction is proper before this court to review that for an abuse of discretion. I assume we don't agree with you necessarily, just for the sake of this question. What is the status of this child now? Is she in the previous placement? The child has remained in the second school, I'll call it, the I‑Brain school. The one that the parents put her in? Well, the parents placed her unilaterally in both the prior school and the second school. They got paid for the prior school. They were paid for the I‑Hope placement on the basis that the Department of Education failed to offer the student a free and appropriate public education. The State ultimately agreed. The State ultimately agreed, and not necessarily ultimately agreed, but certainly didn't appeal from that decision. So that became the law of the case, if you will. So now the question, the legal question is whether the second placement is substantially similar to the first. Correct. And who is going to make that decision? What's the status of that case? Well, after being denied the opportunity to try to present our case to the district court, we went back to the administrative proceeding, and there's an administrative hearing officer called an impartial hearing officer. Yes. Essentially before that impartial hearing officer, I believe it was sometime in May or June, it was after these papers were filed, the impartial hearing officer was apprised of pending federal litigation, both at the district court and the Second Circuit Court of Appeals. The administrative hearing officer, or the impartial hearing officer, balked at moving forward. He stated that he didn't want to do anything that might somehow have an adverse effect on the federal litigation. We're holding everything up by taking this case or considering it. The other case doesn't move forward until we reach a decision. Well, not really, no, Your Honor. The impartial hearing officer asked us to seek permission from the lower court directing him to move forward with the case. Judge Batts, by a decision, I believe it was July 22, declined to do so. Her opinion was that she lacked the authority to direct the impartial hearing officer to move forward. Okay, so once we reach a decision, whichever way it goes, is that administrative proceeding still alive? Recently, after receiving Judge Batts' refusal to direct the hearing officer to move forward, he dismissed the case. He dismissed the case, albeit without prejudice, but stating that he was uncomfortable, he felt he didn't have the jurisdiction to move forward pending federal district court litigation as well as the appeal before Your Honors. You believe you still have a case, right? I believe we still have a case because pendency is different than something called FAPE, a free and appropriate public education. There are different standards. There's different evidentiary issues. Pendency is really just kind of a stop. You know, while it's different than, say, a bankruptcy automatic stay, it's similar in that it's an automatic stay. You don't have to show the typical elements of what's necessary for a preliminary injunction, irreparable harm, likelihood of success, the merits. There's multiple Second Circuit decisions that say, no, this is an exception to those rules, that, in fact, Congress has taken away judicial discretion from that decision and requires and has imposed this automatic stay while the substance of the case proceeds. All right. You have two minutes for rebuttal.  And then we'll hear again from you. Thank you, Your Honor. Who is, where are we, who are we hearing from first? The state? The city. Oh, the city. Good morning, Your Honors. Eric Lee for the City of New York. I have three major points. The first one is that the appellants fundamentally misunderstand the purpose of pendency. Pendency is to provide repose, is to say that there is going to be no litigation over a child's interim placement. What the parents are offering is they want to replace that clarity, which this Court has defined as what both parties had agreed to, with a recipe for ongoing controversy. They want to say that parents can attempt to relocate their child from school to school and start expedited satellite litigation over one school, whether one school is substantially similar to another. That's not the point of pendency. Well, that, you're now talking about the case that was dismissed, the administrative case that was dismissed. Is that correct? No, Your Honor. The case that dismissed, by the way, both sides are appealing, because I think the IHO officer in that case finally misunderstood the difference that pendency is at issue, or what plaintiffs, what appellants claim as pendency is at issue in this case, and the underlying administrative dispute is about whether the DOE failed to provide FAPE, the free and appropriate education. So both sides are appealing that. We think the SRO will readily reverse that and send it probably to a different IHO officer to say, while pendency is being litigated in the Federal courts, you should continue to decide whether or not this child has FAPE. And that's the reason why pendency is about providing repose. It provides repose. It says, keep the child at the last agreed-upon placement so the parties can litigate the true dispute, whether or not FAPE was denied, and in doing so, pendency keeps that child at a stable environment. Why are both the City and the State in this case? I think the State's in this case because the parents have sued them. And I believe the State's going to argue why the State's not a proper party. And I'll leave that to my colleague to make that argument. But you don't deny that the City is a proper party? Well, the City is a party because the DOE is obligated under the IDEA to provide FAPE. And in this case, what the appellants are saying is that pendency basically becomes a sword for them. But that's not the point. Pendency is a shield. It says, keep the child where the parties last agreed upon. And I think what this Court did in TM — But doesn't it make a difference if the new placement is substantially similar to the place that they agreed on before? Isn't that the merits of this argument that we may or may not reach in this Court? This Court has never held that substantial similarity is somehow a path for parents to move a kid from school to school. Isn't that the argument they're making? That is the argument, and it's wrong. It's wrong because if you look at TM, which they don't even address in their reply brief, in TM, you had a school district, Cornwall School District, who had agreed to provide certain services as pendency. Then one year, they decided not to provide that. So the parents went out, found their own private providers for those services, saying, while we litigate FAPE, we are entitled to these services. Then this case came to this Court, and the parents said, because we've placed this kid with private providers, we are entitled to keep that kid there. And this Court said, no. That's not what pendency is. Pendency is you agreed to services, but the school district in the first instance gets to decide, based on what was before it, where that kid should be brought. So under their argument, TM should have come the other way, and it didn't. This Court squarely said, just because you put your kid with private providers, and in fact, in TM, they were offering the exact same services, and this Court still said no, that is not pendency because you unilaterally placed the child there. As the appellant's attorneys argue concedes right here, he acknowledges that they unilaterally placed the parent's child in that school. That's not pendency. That's a unilateral placement. And there's a mechanism under the IDA to litigate such unilateral placement. Do you want to speak to the series of questions that Judge Park asks about the jurisdiction of this Court? Absolutely, Your Honor. On the jurisdictional question. Do you think we have jurisdiction to consider this case? I think you ultimately do. I recognize that this case does present a unique procedural posture, given the fact that it was a vacatur for an order to show cause. And at some point, candidly, the city also considered whether to raise a jurisdictional argument. But ultimately, we think the better answer is that there is jurisdiction for a couple of reasons. One, I think it is clear in the order that Judge Batts said specifically that the Mizzoutis failed to demonstrate a right to preliminary relief. That's very clear. I think while plaintiffs certainly did not move, you know, continue to pursue the order to show cause path, there's no indication that the district court truly that was their concern, that the parents should have moved, proceeded by a motion as opposed to an order to show cause. And so that's why this order is much more in line with an order that effectively denies them preliminary injunctive relief. And one final point on the jurisdiction. There was a case cited in the State's brief, the Frutiger case. We think that's distinguishable, frankly, because in that case, that was a situation where the parents wanted to leapfrog the process and have this court handle the underlying faith dispute. And they had actually never specifically asked for preliminary injunctive relief, which the parents here did. We maintain, even though there is jurisdiction, obviously, that the parents still don't have a penalty right, because as they acknowledged, they made a unilateral choice to move their child to a different school. It doesn't matter if it's substantially similar. The IDEA has a structure to litigate situations where parents make that unilateral move, and that's the Burlington-Carter test. And so as this Court did in TM, even though the private providers provided the exact same services, they said that the parents could not keep their child at that unilateral placement. Thank you, counsel. Thank you. We'll hear from the State. Good morning, and may it please the Court. Blair Greenwald on behalf of the State Education Department. The State agency appears here to address two threshold issues. One, that this Court does not have jurisdiction to review the interlocutory order vacating an expedited hearing. And two, that the State agency is not a proper party to this appeal. To briefly cover the second issue, it is undisputed that the City and not the State agency is responsible for any pendency funding here. That is the only claim for relief that the appellants request from this Court, and the State agency is not responsible for providing any other form of relief. In addition, it is clear both from the appellants' opening brief, their reply brief, and their argument here, that they have no arguments directed to the State agency on appeal. Turning to the question of jurisdiction, it is well settled that there is no appellate jurisdiction under 1292A1 to review procedural orders, including the vacature of an expedited hearing date. If one reads the order in context in which it was issued, it is not a preliminary order in form or in substance for at least six reasons. First, the only action taken by the District Court here was to vacate a signed order to show cause setting an expedited hearing date. That is a classic type of procedural case management order that is not subject to interlocutory appellate review. Second, the District Court had already denied two previous requests for an expedited hearing date by order to show cause, and no one contends that those denials constituted the denial of a preliminary injunction. So I think the difference here, what your friends, both of your friends point to, is the language of the order here saying that having failed to demonstrate the right to either a TRO or a preliminary injunction. Can you address that? Yes, Your Honor. First, I'd like to point out that just before that, the District Court said, I am doing precisely the same thing here as I did before, which is simply denying the expedited hearing date because this order to show cause was signed by a substitute judge when the assigned judge was unavailable. But to answer Your Honor's question directly, the District Court order actually makes the most sense as a procedural decision that the appellants failed to demonstrate a right to injunctive relief through the expedited order to show cause process, not as a substantive determination that they have no right to a preliminary injunction. The reason for that is that the appellants here plainly failed to comply with the local rules in order to proceed by the unusual expedited order to show cause process as they do not dispute in their reply brief, given that they did not submit an attorney affirmation that sets forth sufficient and clear reasons for why the order to show cause process is available in lieu of the normal, ordinary notice of motion practice. So plaintiffs could go ahead and file a motion for a preliminary injunction. They could. And in fact, they had noticed that they could do so as early as March 18th, when the city sent a letter stating that they could proceed by the usual notice of motion process if the District Court declined to sign the order to show cause. The District Court did precisely that here, declining to sign the order to show cause or, in this event, vacating the order to show cause signed by the substitute judge, which indicates that appellants had the opportunity to proceed by notice of motion. And it is notable that the District Court order here did not preclude any opportunity to proceed by notice of motion. Finally, I'd also just like to point out that if you look at the District Court order, it looks like a summary procedural order. It does not contain findings of fact and conclusions of law, which are required under the Federal Rules of Civil Procedure to deny a preliminary injunction. The District Court also never invited any briefing in opposition so as to make a substantive merits determination. For those reasons, we ask that this Court dismiss for lack of jurisdiction or, in the event that the Court retains jurisdiction, dismiss the State as the State agency as an improper party. Thank you. Mr. Albert, you have two minutes to rebut. Thank you. Well, first, there appears to be some agreement with counsel for the city that this Court has jurisdiction, and I would ask that this Court find that it does have, in fact, jurisdiction to hear this matter. But after that, there's little agreement. You addressed the last point made by the State, that the District Court didn't make the requisite findings of fact and conclusions of law to deny a preliminary injunction. That is the normal course that a District Court takes in denying a preliminary injunction. That would be the normal course, and that's what prompted this appeal. Quite honestly, we received that order and scratched our heads. What was the reason why, since there had been no evidentiary hearing, there was no oral argument, there was no discussion despite three attempts to do so? But you could have filed a motion for preliminary injunction in the District Court at that point, couldn't you have? Of course, there was certainly a possibility. However, by way of an order to show cause, it was the appellant's position that obtaining pendency is more of an immediate concern. This is something that we didn't want to go through a typical channel of a briefing schedule. Subsequent to the lower court's ---- In order to address, and that's one of the factors that has to be considered, is the emergency-type nature of the proceeding. Agreed, and we thought that we did that most expeditiously by way of an order to show cause. However, that's not the way the lower court treated it. But with respect to what the court was going to do, we subsequently sought permission from the court to have a summary judgment, to leave for a summary judgment. That was denied by the court. So we're not sure what's happening where, you know, there's a disabled girl out there who's in a vacuum. There's no administrative proceeding movement. There's no movement in District Court. There's no administrative proceeding because you chose this procedural pathway and the administrator, as you described earlier, thought he was now blocked by the fact that the jurisdiction is with this court. That was his thinking, and I can't speak on his behalf, but as counsel for the city noted, both sides have appealed his dismissal to something called the State Review Office, which is the administrative appellate review through the State Education Department. But there was one other thing that, if I may address, was the case of TM versus Cornwall, which is a Second Circuit decision in 2014. In that particular case, the court was very, very clear as to what pendency is versus what substantive rights are. And as long as a student remains in the same general type of services, the same kind of educational program, that's permitted. That does not violate pendency. What does violate pendency may be going from a private to a public school or vice versa, or going from a special education program with a certain level of services. You're making the argument for substantially similar, aren't you? Essentially, yes. But that's what the TM case stands for. It does not stand for the proposition that a parent is precluded from moving their child. That's not what the case stands for. Thank you. Thank you all. Thank you. Very interesting case. We'll reserve decision. That's the last case on our calendar. So I will ask the clerk to adjourn court.